IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRAISURE EARL SMITH,

        Petitioner,                      No. CIV S-08-1769 GGH P

    vs.

STATE OF CALIFORNIA, et al.,

        Respondents.              ORDER AND

_____/    FINDINGS & RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Petitioner challenges his 2006 conviction for violating Cal. Penal Code § 220, assault with intent to commit mayhem, rape, sodomy, etc.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276,  92 S. Ct. 509, 512 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert.</u> denied, 478 U.S. 1021 (1986).

Petitioner admits that he has not presented all of his claims to the California Supreme Court.  Petitioner states that "[b]ecause of the nature of how my conviction was obtained and because of special circumstances, immediate federal intervention is needed." Petition, p. 4.  The special circumstances appear to be that petitioner is presently being tried pursuant to the Sexually Violent Predator Act (SVPA) based on the at-issue conviction.  See Petition, court file page 10 of 84.

Petitioner's current prosecution under the SVPA does not excuse his failure to exhaust his claims before proceeding with the instant action.  Further, there is no allegation that state court remedies are no longer available to petitioner.  Accordingly, the petition should be dismissed without prejudice.[2]

Good cause appearing, IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 09/10/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

sm1769.fr